IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO WELLS FARGO BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE F/K/A NORWEST BANK MINNESOTA, NATIONAL ASSOCIATION, AS TRUSTEE FOR AMORTIZING RESIDENTIAL COLLATERAL TRUST, 2002-BC9,** | § § § § § § § § § § | |
| Plaintiff, | § § | Civil Action No. **3:19-CV-146-L** |
| v. | § § | |
| **TERRI WEST,** | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff Wells Fargo Bank, National Association, Successor by Merger to Wells Fargo Bank Minnesota, National Association, as Trustee F/K/A Norwest Bank Minnesota, National Association, as Trustee for Amortizing Residential Collateral Trust, 2002-BC9's ("Plaintiff") Motion for Default Judgment Against Defendant Terri West ("Motion") (Doc. 9), filed May 23, 2019. After considering the Motion, record, and applicable law, the court **denies without prejudice** Plaintiff's Motion for Default Judgment (Doc. 9).

## I.     Background

On January 17, 2019, Plaintiff filed its Original Complaint (Doc. 1) in this action against Defendant Terri West ("Defendant") seeking a judgment and foreclosure pursuant to the Deed of Trust's power-of-sale provision and the Texas Property Code, or, alternatively, by judicial

foreclosure. Plaintiff's request for foreclosure arises out a Note executed on July 29, 2002, between Defendant and Fieldstone Mortgage Company ("Fieldstone") in the principal amount of $76,600, which is attached to real property located at 5701 Oak Lane, Rowlett, Texas, 75089, and is legally described as follows:

> LOT 19, BLOCK 13 OF KENWOOD HEIGHTS ADDITION NO. 3, AN ADDITION TO THE CITY OF ROWLETT, DALLAS COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 74155, PAGE 2063, MAP RECORDS, DALLAS COUNTY, TEXAS (the "Property").

In conjunction with the Note, Defendant executed a Deed of Trust (together with the Note, "Loan Agreement"), granting Fieldstone, its successors and assigns, a security interest in the Property. The Deed of Trust was recorded in the Dallas County, Texas property records on August 5, 2002. Doc. 1-1, at 27. Plaintiff asserts that it is the current holder of the Note and beneficiary of the Deed of Trust and further contends that it is also the mortgagee. According to Plaintiff, Defendant failed to make payments under the Loan Agreement and currently owes for the April 1, 2018 payment and all subsequent monthly payments. Plaintiff contends that it provided Defendant notice of default and an opportunity to cure via mail on August 7, 2018, pursuant to the Loan Agreement and the Texas Property Code. Doc. 1-1, at 31-34. Defendant failed to cure, and, as a result, Plaintiff provided Defendant with a notice of acceleration via mail on January 3, 2019. Doc. 1-1, at 36. As of December 6, 2018, the total amount owed by Defendant is $83,896.21. Pl.'s Original Compl. ¶ 9. At the time of this opinion, Defendant has not cured the default, and, accordingly, Plaintiff seeks to foreclose on the Property.

## II.    Legal Standard

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id*.; *New York Life Ins. Co. v.*

*Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendant, and Plaintiff now requests the court to enter a final default judgment against Defendant.

Defendant was served on February 2, 2019, and, accordingly, Defendant's answer or other responsive pleading was due February 23, 2019. To date, Defendant has not responded to or otherwise defended against Plaintiff's Original Complaint ("Complaint"). By failing to answer or otherwise respond to Plaintiff's Complaint, Defendant has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Stated differently, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted). Accordingly, a defendant may not contest the "sufficiency of the evidence" on appeal but "is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Id.* Additionally, a party "is not entitled to a default judgment as a matter of right, even whe[n] the [opposing party] is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). A district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). In determining whether entry of a default judgment is warranted in a particular matter, the court may consider: "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Id*.

### III. Analysis

Plaintiff seeks to foreclose on the Property because of Defendant's default and failure to cure. Home equity loans in Texas must be foreclosed judicially. *See* Tex. Const., art. XVI, § 50(a)(6)(D); Tex. R. Civ. P. 735.1. Accordingly, Plaintiff requests a judgment against Defendant authorizing it to enforce the power-of-sale provision in the Loan Agreement pursuant to Texas Property Code Section 51.002, and the Loan Agreement, or, alternatively, through judicial foreclosure. Texas Rule of Civil Procedure Rule 736 governs the elements required for initiating a foreclosure proceeding. To initiate such a proceeding, Plaintiff must demonstrate that: "(1) a debt exists; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) [defendant is] in default under the note and security instrument; and (4) [defendant] received notice of default and acceleration." *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. 2013), *aff'd*, 583 F. App'x 306 (5th Cir. 2014).

Based on the record, Plaintiff has presented evidence establishing that a debt secured by the Property exists; that Defendant is obligated to pay the debt secured by the Property; and that Defendant defaulted under the Loan Agreement. Plaintiff has failed to demonstrate, however, aside from conclusory allegations, that it has the authority to foreclose on the Property and that service of notice was complete pursuant to Section 51.002(e) of the Texas Property Code. First, Plaintiff contends that it "is the current holder of the Note and beneficiary of the Deed of Trust" and that "[i]t is also a *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4)." Pl.'s Original Compl. ¶ 14. Under Texas law, a nonjudicial foreclosure may be initiated by the current mortgagee. *Farkas v. GMAC Mortg. LLC*, 737 F.3d 338, 342 (5th Cir. 2013) (per curium) (citing Tex. Prop. Code § 51.0001(4)). Pursuant to the Texas Property Code, a mortgagee includes the owner or holder of a security instrument, such as a deed of trust, or, if

the security interest has been assigned, the last person to whom the security interest has been assigned of record. Tex. Prop. Code § 51.0001(4). Under Texas law, a "holder" is defined as "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." *SGK Prop., LLC. v. U.S. Bank Nat'l Assoc. for Lehman Bros. Small Balance Commercial Mortgage Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 941 (5th Cir. 2018) (quoting Tex. Bus. & Comm. Code § 1.201(b)(21)(A)) (internal quotations omitted). "A person can become a holder of an instrument when the instrument is issued to that person; or he can become a holder by negotiation." *Id.* (internal quotation marks and citations omitted). Aside from Plaintiff's conclusory statements that it falls into both of the aforementioned categories, it provides no evidence in support of this assertion. The Deed of Trust and Note list Fieldstone as the Lender, but the documents do not provide any indication as to whether Plaintiff is the owner, holder, or beneficiary of the note or the mortgagee. Thus, the court is unable to ascertain under what authority Plaintiff is entitled to foreclose on the property.

Second, Plaintiff asserts that it provided notice of default via certified mail to Defendant pursuant to the Texas Property Code. *Id.* ¶ 15; *see also* Doc. 1-1, at 29-34. It further asserts that it sent the Notice of Acceleration to Defendant via certified mail. Doc. 1-1, at 36. The letters themselves state they were sent via certified mail, and Plaintiff provides a scanned copy of the envelope sent with the notice of default, which shows that electronic return receipt was requested. It is unclear to the court, however, whether service was actually completed. Under Section 51.002(e) of the Texas Property Code, "[s]ervice of notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Additionally, an affidavit from "a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of

service." Tex. Prop. Code § 51.002(e). The Note requires notices be sent via certified mail or personally delivered to the Property address (Doc. 1-1, at 7), and the Deed of Trust requires notices be sent via first class mail or personally delivered to the notice address (in this case, the Property address) (Doc. 1-1, at 20). Plaintiff provides no evidence, through affidavit or otherwise, that service was actually completed through any of these required methods. Accordingly, the court concludes that Plaintiff has failed to present sufficient evidence to demonstrate it is entitled to foreclosure on default judgment. The court, therefore, will deny without prejudice Plaintiff's Motion for Default Judgment.

## IV. Conclusion

For the reasons herein stated, Plaintiff's Motion for Default Judgment (Doc. 9) is **denied without prejudice**.

**It is so ordered** this 13th day of November, 2019.

Sam A. Lindsay
United States District Judge